# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROBERT ALLAN SEARS, )
)
    Movant, )
)
v. )    Case No. CV415-111
)
WARDEN STANLEY WILLIAMS, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

"Robert Allen Sears was tried by a Chatham County jury and convicted of the murder of Isaiah Lovett, aggravated assault, and possession of a knife during the commission of a felony." *Sears v. State*, 292 Ga. 64, 64 (2012). Following affirmance of his conviction, Sears says he filed for state habeas relief, doc. 3-1 at 4-5, but does not say when, only that it was denied, with the denial affirmed on January or June 12, 2015 (his writing is illegible). *Id.* at 5. He now petitions this Court for 28 U.S.C. § 2254 relief, doc. 3-1, and moves for leave to proceed *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his

IFP motion (doc. 2), but upon preliminary review under 28 U.S.C. § 2254 Rule 4, his petition must be dismissed.

Timeliness issues aside,[1] Sears' petition is dead on arrival. Here is a snapshot of his claims (in raw, unedited form):

(A) Appellate Counsel Was Ineffective

(1 a) For failure to cite the instance of Brady violations that void the trial

(2 a) for failure to cite an ineffective assistance claim against trial counse, for his failure to protect Petitioner, by ensuring the victim prior violent acts were presented to the jury for innocence consideration.

(3 a) For failing to cite the available D.N.A. evidence present to prove innocence

(4 a) For failing to cite Confrontation issue present in this case that voids the trial

(5 a) For failing to cite instances of prosecutorial misconduct that voids the trial

---

[1] Sears used an outdated § 2254 form, which failed to ask him the date on which he filed his state habeas petition. Doc. 3-1 at 4-5. Georgia's Attorney General should ensure that all Georgia state prisons and jails stock the "AO-241 (Rev 1/15)" version, which (in question 11) asks "Date of filing (if you know)." That's a key point of data because courts can *sua sponte* raise the State's untimeliness defense, *see Wood v. Milyard*, ___ U.S. ___, 132 S.Ct. 1826, 1834 (2012); *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Newson v. Attorney General of Kansas*, 568 F. App'x 562, 563 (10th Cir. 2014), but can't efficiently do so absent that information. Use of the latest § 2254 form may well spare the expense of the State having to appear just to furnish that missing information. *See Allen v.* Tatum, 2014 WL 4660837 at * 1 n. 1 (S.D. Ga. Sept. 4, 2014) (recounting similar problem, ordering State's response).

> (6 a) For failing to cite the instances of judicial misconduct that "Voids" the trial
>
> (B)     Ineffective Assistance of Trial Counsel. . . .

Doc. 3-1 at 7.

Under the Eleventh Circuit's heightened pleading standard for habeas claims, Sears' "allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D.Ga. Apr. 28, 2014). Thus, § 2254 petitioners

> cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2–3 (S.D.Ga. Dec. 2, 2013) (§

2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Riggs v. Warden, Ware State Prison*, 2015 WL 2342056 at * 3 n. 7 (S.D. Ga. May 13, 2015) (quoting *Hopkins v. United States*, 2014 WL 2624425 at * 1 n. 3 (S.D. Ga. June 12, 2014)).  That means that

> it is not enough to state that something "bad" happened and it constituted legal error. [Sears] must show that he presented that claim to the state court, how it ruled, and, most importantly, that it "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).'" *Owens v. McLaughlin*, ___ F.3d ___, 2013 WL 5746381 at * 3 (11th Cir. Oct. 24, 2013). Too, the constitutional error must have had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Owens*, 733 F.3d 320, 2013 WL 5746381 at * 6.

*Potter v. Taylor*, 2013 WL 5947020 at * 4 (S.D. Ga. Nov. 26, 2013).

*Potter*, for that matter, illuminates the additional pleading and proof requirements when petitioners raise ineffective assistance of counsel ("IAC") claims.  *Id.* at * 2 (§ 2254 petitioners must show both IAC at trial and on appeal to prevail on a "nested" IAC claim -- where ineffective assistance of trial counsel is the claim which appellate counsel allegedly should have raised); *see also Allen*, 2015 WL 3917084 at * 7.

Sears has come nowhere close to pleading that here. Nor is it the Court's function to raise and develop such claims for him:

> Of course, all of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. *Cf. Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1481 n. 12 (11th Cir.1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief ... based on facts they did not relate."); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir.1997) ("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991).

*Chavez*, 647 F.3d at 1061.

Accordingly, Sears' § 2254 petition should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.

Thus, in IFP status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

Finally, the Clerk is **DIRECTED** to serve, by regular mail, a copy of this Report and Recommendation upon the Attorney General of the State of Georgia, directed to the attention of Deputy Attorney General Paula Smith. *See supra* n. 1.

**SO REPORTED AND RECOMMENDED**, this __27th__ day of July, 2015.

_G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA