# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ROBERT ALLAN SEARS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV415-111 |
| ) | |
| WARDEN STANLEY WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

## ORDER

"Robert Allen Sears was tried by a Chatham County jury and convicted of the murder of Isaiah Lovett, aggravated assault, and possession of a knife during the commission of a felony." *Sears v. State*, 292 Ga. 64, 64 (2012). Following affirmance of his conviction, Sears says he filed for state habeas relief, doc. 3-1 at 4-5, but does not say when, only that it was denied, with the denial affirmed on January or June 12, 2015 (his writing is illegible). *Id.* at 5. He now petitions this Court for 28 U.S.C. § 2254 relief, doc. 3-1, and moves for leave to proceed *in forma pauperis* (IFP). Doc. 2. The Court granted him IFP but, upon preliminary review under 28 U.S.C. § 2254 Rule 4, issued a Report and

Recommendation (R&R) advising dismissal because Sears simply "laundry listed" his claims. Doc. 4. In his Fed. R. Civ. P. 72(b)(2) Objection to that R&R, Sears added to his claims. *See* docs 7 & 8. In response, the district judge re-referred the case "to assess the habeas petition in light of the allegations and arguments contained in Petitioner's objections." Doc. 9 at 1-2.

The R&R also raised but did not resolve a timeliness issue.[1] Doc. 4 at 2. The Clerk is hereby **DIRECTED** to forward to the Marshal sufficient copies of this Order and the petition for service upon the respondent by certified mail and upon the Attorney General of the State of Georgia, directed to the attention of Deputy Attorney General Paula Smith, by regular mail. The Marshal's return shall constitute prima facie evidence of service of process.

---

[1] Sears used an outdated § 2254 form, which failed to ask him the date on which he filed his state habeas petition. Doc. 3-1 at 4-5. Georgia's Attorney General should ensure that all Georgia state prisons and jails stock the "AO-241 (Rev 1/15)" version, which (in question 11) asks "Date of filing (if you know)." That's a key point of data because courts can *sua sponte* raise the State's untimeliness defense, *see Wood v. Milyard*, ___ U.S. ___, 132 S.Ct. 1826, 1834 (2012); *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Newson v. Attorney General of Kansas*, 568 F. App'x 562, 563 (10th Cir. 2014), but can't efficiently do so absent that information. Use of the latest § 2254 form may well spare the expense of the State having to appear just to furnish that missing information. *See Allen v. Tatum*, 2014 WL 4660837 at * 1 n. 1 (S.D. Ga. Sept. 4, 2014) (recounting similar problem, ordering State's response).

The respondent is therefore **ORDERED**, within thirty days after service of this Order, to file a response and show why the relief Sears seeks should not be granted. The answer shall conform to the requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Court. Respondent shall furnish with the answer a copy of any trial transcripts, the transcripts of any state habeas corpus proceedings and orders of the state court denying the writ, and, if the petition appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of all appellate briefs and of the opinion of the appellate court, if any. However, the State may file a limited response (and record) if it in good faith believes that it has good grounds to move for dismissal on timeliness grounds. *See supra* n. 1. It will then fully comply if the Court denies that motion.

**SO ORDERED,** this 6th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA